**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Guillermo FERNANDEZ, Defendant–Appellant.**

No. 01CA0592.

Colorado Court of Appeals, Div. III.

April 11, 2002.

Certiorari Denied Sept. 16, 2002.

Ken Salazar, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ann M. Aber, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CRISWELL.[*]

Defendant, Guillermo Fernandez, appeals from the trial court's orders denying three postconviction motions. We affirm, but remand for correction of the mittimus.

In 1999, defendant pled guilty to one count of possessing 450 to 1000 grams of a schedule II controlled substance with the intent to distribute it, a class three felony, and to one count of special offender for importing a schedule II controlled substance into the state.

Pursuant to the parties' stipulation, defendant was sentenced to fourteen years in the Department of Corrections (DOC).

On August 3, 2000, defendant filed, pro se, a Crim. P. 35(c) postconviction motion requesting that he be allowed to withdraw his plea. He alleged three reasons in support of his motion: 1) he had received illegal consecutive sentences on the two counts; 2) the trial court unlawfully imposed restitution without affording him the opportunity to challenge the amount the prosecution requested; and 3) he had newly discovered evidence that the agent involved in testing the cocaine seized from him had been charged with stealing controlled substances that were to be used as evidence.

---

[*] Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

The trial court gave the prosecution a copy of defendant's motion and reserved ruling on it until after the prosecution filed a response.

On October 2, 2000, the trial court denied the motion in a written order. The court determined that defendant had not received consecutive sentences; that no restitution had been ordered, but only a statutorily required drug surcharge; and that the newly discovered evidence could not serve as the basis for granting a new trial. Defendant appealed that denial.

Thereafter, on November 17, 2000, defendant filed another pro se pleading with the trial court entitled, "Motion for imposition of a modified or alternative sentence or, in the alternative, motion to withdraw plea of guilty." In that motion, defendant essentially argued that the trial court failed to advise him properly concerning mandatory parole.

The trial court refused to rule on defendant's motion, because it lacked jurisdiction over his case while it was on appeal. Hence, defendant voluntarily dismissed his appeal of the October 2 order.

On January 19, 2001, the trial court denied defendant's second motion. The court found that the motion was successive. However, the court also denied the motion on its merits, concluding that defendant had been advised adequately about the consequences of mandatory parole.

On February 5, 2001, defendant filed a third pleading with the trial court, this one seeking reconsideration of the January order. The trial court denied the motion for reconsideration that same day, deferring to its January 19 ruling.

Defendant sought leave to file an appeal of all three orders simultaneously, and his request was granted.

### I.

■ Defendant initially contends the trial court erred in failing to hold an evidentiary hearing and appoint counsel to represent him on his August 3 motion. We disagree.

Crim. P. 35(c)(3) provides, in pertinent part:

*Unless* the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief, *the court shall cause a copy of said motion to be served on the prosecuting attorney,* grant a prompt hearing thereon, and take whatever evidence is necessary for the disposition of the motion. (emphasis supplied)

Defendant argues that, once the trial court ordered the prosecution to respond to his motion, Crim. P. 35(c)(3) required the court to grant him a hearing on his motion. We are not persuaded.

■ The thrust of Crim. P. 35(c)(3) to require a hearing unless the motion, files, and record clearly establish the defendant is not entitled to relief. *See People v. Hartkemeyer,* 843 P.2d 92 (Colo.App.1992). If the court determines that a hearing is necessary, the rule *requires* that a copy of the defendant's motion be served on the prosecuting attorney. However, nothing in the rule *prohibits* the court from providing a copy of the motion to the prosecuting attorney and then determining that no hearing is necessary, based, in part, upon the People's response.

■ This conclusion is consistent with the very purpose of holding a hearing in Crim. P. 35(c) proceedings. That purpose is to receive evidence pertinent to allegations that cannot be disposed of by reference to the trial record alone. *See Bresnahan v. People,* 175 Colo. 286, 487 P.2d 551 (1971). This purpose would not be fulfilled by requiring a hearing in circumstances, such as those here, where the record alone demonstrates that the motion should be denied.

Here, the People responded to defendant's allegations and relied only on information in the record. Likewise, the trial court referred only to information in the motion, record, and files in denying defendant's motion. We conclude, therefore, that the trial court did not err in failing to grant defendant a hearing on his motion.

In any event, the record clearly establishes that defendant did not receive consecutive sentences, was not assessed restitution, and was not entitled to a new trial based on newly discovered evidence. *See People v.*

*Schneider*, 25 P.3d 755 (Colo.2001); *People v. Gutierrez*, 622 P.2d 547 (Colo.1981)(trial court's finding that newly discovered evidence would not bring about acquittal at new trial is fatal to success of motion).

Thus, because the trial court properly concluded from the record that defendant was not entitled to relief, it did not err in failing to appoint counsel to represent defendant, *see Brinklow v. Riveland*, 773 P.2d 517 (Colo. 1989), or to hold a hearing on his motion. *See People v. Hartkemeyer, supra.*

## II.

■ Defendant also contends the trial court erred in denying his second and third motions for postconviction relief. He argues that the trial court failed to advise him adequately about the consequences of mandatory parole. Thus, he asserts, he is entitled to modification of his sentence so that his aggregate sentence to prison, plus mandatory parole, would equal fourteen years. Again, we disagree.

■ Both defendant's second and third motions were successive, and thus, the trial court properly denied them on that basis. *See Turman v. Buckallew*, 784 P.2d 774 (Colo.1989).

■ However, we also agree with the trial court's disposition of the mandatory parole issue on its merits. In *Craig v. People*, 986 P.2d 951 (Colo.1999), the supreme court addressed the issue whether the defendant was sufficiently apprised of the mandatory parole period. The court must determine whether the record as a whole shows that the defendant was given notice of the maximum length of the mandatory parole period and of the fact that the parole term occurs after, in addition to, or distinct from the period of imprisonment.

Here, defendant received two copies of the Request to Plead Guilty (Rule 11 Advisement), one in Spanish and one in English. Defendant initialed each paragraph in the Spanish version and signed it, indicating that he had read and understood the contents of the form. Further, his counsel executed the statement of counsel, certifying that defendant had been adequately advised about his plea and was entering it knowingly and voluntarily.

Paragraph nine of the English version advised defendant that he "could be required to serve up to five years of parole after serving a sentence." Defendant initialed the corresponding paragraph in the Spanish version. *See Craig v. People, supra* (form indicating defendant "could" be required to serve up to five years parole after serving a sentence sufficiently put defendant on notice of mandatory parole period).

Additionally, defendant initialed paragraph ten of the Spanish version, which contained the minimum, maximum, and presumptive range sentences for the offenses. For the possession with intent count, defendant was advised that the presumptive range sentence was "4–16 yrs. & 5 yrs. Parole."

Finally, at the providency hearing, the trial court specifically advised defendant concerning mandatory parole. While reviewing the terms of the agreement, the trial court stated that defendant "would receive a sentence of 14 years to the Department of Corrections plus any period of parole that applied to this case." In response to the trial court's questioning, defendant stated that this was his understanding of the agreement.

While specifically advising defendant of the sentencing consequences of his plea, the trial court advised defendant that, absent the plea agreement, he could be sentenced in the range from ten to thirty-two years. However, the agreement provided that defendant would be subject to a fourteen-year sentence to the Department of Corrections. The trial court then added: "Any sentence to the Department of Corrections would also include a mandatory period of parole of five years. And that would be in addition to any time that you actually spent in prison initially." Defendant responded that he understood the possible penalties.

From this record alone, therefore, we conclude that defendant was adequately advised concerning the fact and length of the applicable mandatory parole period. *See Craig v. People, supra.* Thus, the trial court properly denied defendant's second and third motions.

However, because the mittimus does not reflect the length of the mandatory parole period, the case must be remanded to the trial court to amend the mittimus accordingly. *See Craig v. People, supra.*

The trial court's orders are affirmed, and the case is remanded to the trial court to amend the mittimus in the manner indicated.

Judge NEY and Judge DAILEY concur.