2015 COA 141

**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Jaime Nolan DURAN, Defendant–
Appellant.**

**Court of Appeals No. 13CA1025**

Colorado Court of Appeals,
Div. I.

Announced October 8, 2015

Rehearing Denied February 18, 2016

Cynthia H. Coffman, Attorney General, Jay C. Fisher, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Life & Liberty Law Office, Sarah Schielke, Loveland, Colorado, for Defendant–Appellant.

Opinion by JUDGE TAUBMAN

¶ 1 Defendant, Jaime Nolan Duran, appeals the order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

## I. Background

¶ 2 Duran was convicted of kidnapping, sexual assault, menacing, stalking, and violation of a protective order. The trial court sentenced him to life imprisonment in the custody of the Department of Corrections. A division of this court affirmed Duran's conviction on direct appeal. *People v. Duran*, 2009 WL 2883148 (Colo. App. No. 07CA1557, Sept. 10, 2009) (not published pursuant to C.A.R. 35(f)).

¶ 3 Duran filed a Crim. P. 35(a) motion and a second motion under Crim. P. 35(c). The trial court denied Duran's postconviction motions in separate orders. A division of this court affirmed both orders on appeal. *People v. Duran*, 2011 WL 2206722 (Colo. App. No. 10CA0208, June 2, 2011) (not published pursuant to C.A.R. 35(f)).

¶ 4 Duran then filed the postconviction motion that is at issue here. Therein, he argued that he had received ineffective assistance of trial and appellate counsel. The court denied the motion without a hearing in a detailed written order, concluding that the motion and record showed that Duran was not entitled to relief.

¶ 5 Duran, through counsel, filed a timely notice of appeal. In that notice, Duran stated that, "[b]ecause no evidentiary hearing was held, no transcripts need to be obtained or are otherwise applicable to the claims raised in this appeal." In the designation of record, Duran specified that no transcripts should be included in the appellate record.

¶ 6 Duran contends that we should remand the case to the trial court for a hearing on his ineffective assistance of trial and appellate counsel claims. The People argue that, because the trial transcripts were not included in the record on appeal, we must assume they would support the court's order and affirm. We agree with the People.

## II. Record on Appeal

¶ 7 Duran maintains that he did not need to include trial transcripts as part of the record on appeal because he did not submit them to the trial court in connection with his

motion. Instead, he argues that the record is complete for purposes of this appeal because "[t]he facts as alleged in Defendant's motion ... *are* the trial court record." We disagree.

¶8 To prove ineffective assistance of counsel, Duran must show that counsel's performance was deficient and that he was prejudiced by counsel's errors. *Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Davis v. People,* 871 P.2d 769, 772 (Colo. 1994).

¶9 A trial court may deny a Crim. P. 35(c) motion alleging ineffective assistance of counsel without conducting an evidentiary hearing where the motion, the files, and the record clearly establish that the defendant is not entitled to relief. *Ardolino v. People,* 69 P.3d 73, 77 (Colo.2003). Thus, a trial court may summarily deny a Crim. P. 35(c) motion if (1) the defendant's allegations are bare and conclusory in nature; (2) the allegations, even if true, do not warrant postconviction relief; or (3) the record refutes the defendant's claims directly. *People v. Venzor,* 121 P.3d 260, 262 (Colo.App.2005). Further, "[i]f the motion and the files *and record* of the case show to the satisfaction of the court that the defendant is not entitled to relief, the court shall enter written findings of fact and conclusions of law denying the motion." Crim. P. 35(c)(3)(IV) (emphasis added).

¶10 Whether a postconviction motion states a claim for relief is generally a legal determination we review de novo. *See People v. Long,* 126 P.3d 284, 286 (Colo.App. 2005).

¶11 A trial court's rulings and judgments are presumed correct until the party attacking them affirmatively demonstrates they are not. *LePage v. People,* 2014 CO 13, ¶¶ 15–16, 320 P.3d 348. Because of this presumption, the party asserting error must affirmatively show that it occurred. *Id.* at ¶16; *Schuster v. Zwicker,* 659 P.2d 687, 690 (Colo.1983) ("It is the obligation of the party asserting error in a judgment to present a record that discloses that error, for a judgment is presumed to be correct until the contrary affirmatively appears.") Moreover, when determining whether the party assert-

ing error has met its burden, a reviewing court must review and consider the entire record and apply the evidence in a manner that will support the judgment. *LePage,* ¶16.

¶12 It is the appellant's responsibility to designate the record on appeal, including those parts of the trial proceedings that are necessary for purposes of the appeal, and to ensure that the record is properly transmitted to an appellate court. C.A.R. 10(b), (c). If an appellant intends to urge on appeal that a finding or conclusion is unsupported by or contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to such finding or conclusion. C.A.R. 10(b). A defendant's brief must also contain citations to the record. *See* C.A.R. 28(e) (requiring record citations); *People v. Durapau,* 280 P.3d 42, 50 (Colo.App.2011) (noting that an attorney's failure to comply with C.A.R. 28 may result in sanctions, including dismissal of the case); *cf. Northstart Project Mgt. Inc. v. DLR Group, Inc.,* 2013 CO 12, 295 P.3d 956 (appellant's failure to provide adequate record may result in dismissal of appeal). Any facts not appearing of record cannot be reviewed. *People v. Wells,* 776 P.2d 386, 390 (Colo. 1989). The presumption is that material portions omitted from the record would support the judgment. *Id.*

¶13 Further, the presumption of regularity, in which appellate courts presume that the trial judge did not commit error absent an affirmative showing otherwise, is deeply rooted in our judicial system. *LePage,* ¶15. And, "as a practical matter, the presumption of regularity is necessary because an appellate court cannot intelligently review an alleged error if the circumstances in which it supposedly occurred cannot clearly be discerned from the record." *Id.*

¶14 Duran argues that the presumption of regularity and obligation to provide a record that bears upon the claimed errors does not apply because of the procedural context of this case. Specifically, he notes that the postconviction court did not hold a hearing on his motion. He argues that a defendant filing a Crim. P. 35(c) motion is not required

to include evidentiary material in the motion, but only to assert facts that, if proved, would provide a basis for postconviction relief. *See Moore v. People*, 2014 CO 8, ¶ 28, 318 P.3d 511. From this he reasons that, in evaluating his motion, the court was required to limit its review to the facts as alleged in the motion, without reference to the record.

¶ 15 Additionally, Duran notes that he specifically omitted from his motion any page citations to the trial record. Instead, his motion "contains 61 singled-spaced pages that include some excerpts from transcripts (without cites) along with Duran's account of the relevant facts of the case, largely contained in the 21–page 'Background' section." He asserts that the People stipulated to these facts for purposes of determining whether he was entitled to a hearing. He claims that his motion and the facts alleged therein "thus represent all that the district court could have relied upon in issuing its ruling."

▮ ¶ 16 We disagree. In ruling on Duran's motion, the trial court properly relied on its review of the trial record. The court stated in its order that "all of the alleged errors were a matter of record," and that the "record does not support" defendant's contentions, and noted within its order that it "review[ed] the entire record." We agree with Duran that a defendant need not provide evidentiary support for his Crim. P. 35(c) motion. However, Duran's argument ignores the trial court's responsibility to determine whether a postconviction motion states factual grounds that, if true, entitle the party to relief, "but the files and records of the case show to the satisfaction of the court that the factual allegations are untrue." Crim. P. 35(c)(3)(IV); *see People v. Montgomery*, 2014 COA 166, ¶ 22, 342 P.3d 593.

¶ 17 Duran also argues that the People's stipulation as to the facts was binding on the trial court and a sufficient substitute for providing a complete record on appeal. However, we do not agree that the stipulation here was so broad, or that it foreclosed the trial court's ability to review the entire record as set forth in Crim. P. 35(c)(3)(IV). Further, the People specifically asked that the court take judicial notice of its own file. *See, e.g.,*

*People v. Linares–Guzman*, 195 P.3d 1130, 1135–36 (Colo.App.2008) (a court may take judicial notice of its own records).

¶ 18 Moreover, the parties did not stipulate to the contents of the record for purposes of appeal. Again, "[a] petitioner cannot overcome the lack of information in the record by statements in the briefs." *Fendley v. People*, 107 P.3d 1122, 1125 (Colo.App.2004) (we may only consider assertions supported by the evidence in the record); *see* C.A.R. 28(a)(3). As noted, the party asserting error must present a record that discloses that error. *See Wells*, 776 P.2d at 390; *see also People v. Schupper*, 2014 COA 80M, ¶ 31 n.3, 353 P.3d 880 (noting that, because a hearing transcript was not contained in the record, the court "must assume this hearing supports the trial court's findings").

¶ 19 The presumption noted in *Wells*, that material portions omitted from the record would support the judgment, is particularly appropriate here. Duran relies extensively on factual allegations that the trial transcript would support or refute and his brief is filled with references to and quotations from trial testimony. He simply omits page citations and argues that our review should be limited to those portions of the record he chose to reproduce. *See LePage*, ¶ 21 (In evaluating a defendant's arguments, an appellate court "cannot consider parts of the record in isolation.").

▮ ¶ 20 We also reject Duran's attempt to raise claims, or to provide support for his claims, by referencing or directing this court to review his trial court filings, or by incorporating such filings "by reference" into his appellate brief. *See* C.A.R. 57 (prohibiting incorporation by reference of briefs previously filed in the district court). Incorporating by reference or adopting by reference arguments from previous filings is improper because it attempts to shift, from the litigant to the court, the task of locating and synthesizing the relevant facts and arguments. *Castillo v. Koppes–Conway*, 148 P.3d 289, 291 (Colo.App.2006); *see People v. Graybeal*, 155 P.3d 614, 620 (Colo.App.2007) ("This court 'will not search through briefs to discover what errors are relied on, and then search

through the record for supporting evidence.'" (quoting *Mauldin v. Lowery*, 127 Colo. 234, 236, 255 P.2d 976, 977 (1953))).

¶ 21 Duran also cites to *People v. Rediger*, 2015 COA 26, —— P.3d ——, 2015 WL 1090041, for the proposition that a postconviction evidentiary hearing creates a "proper record on appeal." *Id.* at ¶ 63. He argues that at an evidentiary hearing he could provide the court with trial transcripts, copies of the appellate briefs, and other information in support of his claim. He notes that the "very purpose of holding a hearing ... is to receive evidence pertinent to the allegations that cannot be disposed of by reference to the trial record alone." *See People v. Fernandez*, 53 P.3d 773, 775 (Colo.App.2002). However, the trial court here has already rejected Duran's claims based on the motion, files, and its own review of the record. Without an adequate record on appeal, we must presume that the court's order was correct.

¶ 22 For example, Duran's first contention of error is that his trial counsel was ineffective for failing to present the jury with gunshot residue evidence. Duran argues that a key question at trial was whether he had a gun on the night in question. In its order denying the claim, the court observed that there was no claim that the gun had been discharged, and the absence of gunshot residue on Duran's hands would not indicate that he did not handle a gun. Duran argues on appeal that the court's finding was contradicted by the detective's testimony at trial. However, Duran does did not include in the record on appeal the trial transcript that contains the detective's testimony.

¶ 23 Similarly, Duran argued that his trial counsel erroneously waived his presence in court at critical stages of the case. However, the court concluded that the record did not support this claim. Again, insofar as the trial transcripts and other records are not before us, we must presume that the court's conclusions were correct.

¶ 24 As the People contend, each of Duran's claims relies, at least in part, on allegations concerning events that occurred or evidence that was presented (or not presented) at trial. Thus, because Duran failed to des-

ignate trial transcripts, we must affirm the trial court's order rejecting these claims.

¶ 25 Finally, we reject Duran's argument that the trial court did not actually review the record in ruling on his claims. As noted above, the court's order indicates that it reviewed the record in evaluating Duran's motion. Absent proof to the contrary, again, we presume the regularity of proceedings and the accuracy of the court's own representations in its order.

### III.  Conclusion

¶ 26 The order is affirmed.

JUDGE HAWTHORNE and JUDGE BERGER concur.