FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAIME NOLAN DURAN,

     Petitioner - Appellant,

v.

LOU ARCHULETA, Warden of Fremont
Correctional Facility; CYNTHIA
COFFMAN, Attorney General, State of
Colorado,

     Respondents - Appellees.

No. 17-1321
(D.C. No. 1:16-CV-02664-RPM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Jaime Nolan Duran, a Colorado state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 application for habeas relief. The district court

granted Mr. Duran a certificate of appealability (COA) on the issue of whether he

received ineffective assistance from his trial counsel in violation of the Sixth

Amendment. *See* 28 U.S.C. § 2253(c)(2) (providing that a COA may issue "only if

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

the applicant has made a substantial showing of the denial of a constitutional right").

We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253 and affirm.

## I. Background

A jury found Mr. Duran guilty of kidnapping, sexual assault, menacing, stalking, and violation of a protective order for abducting and raping his ex-wife. His conviction was upheld on direct appeal. *People v. Duran*, No. 07CA1557, 2009 WL 2883148 (Colo. App. Sept. 10, 2009) (unpublished).

Mr. Duran's efforts to obtain postconviction relief in state court were also unsuccessful. *See People v. Duran*, No. 10CA0208, 2011 WL 2206722 (Colo. App. June 2, 2011) (unpublished); *People v. Duran*, 2015 COA 141, 382 P.3d 1237 (Colo. App. 2015). The state district court denied Mr. Duran's ineffective assistance of counsel claims on the merits. Because Mr. Duran failed to designate trial transcripts as part of the appellate record, the Colorado Court of Appeals (CCA) presumed they would support the district court's order and affirmed the district court's rejection of his claims. *See Duran*, 2015 COA 141, ¶ 6.

Mr. Duran then filed his § 2254 application, arguing that he received ineffective assistance of trial and appellate counsel. The district court determined that his claims were procedurally defaulted. As an alternative basis for denying Mr. Duran's § 2254 application, the district court rejected his claims on the merits. But it granted a COA because Mr. Duran "made a substantial showing of denial of the Sixth Amendment right to effective assistance of trial counsel and . . . reasonable

jurists may disagree on this Court's determination of procedural default." Aplt. App., Vol. 3 at 75.

Mr. Duran argues that the district erred by concluding that his claims were procedurally defaulted and by rejecting them on the merits. We agree that his claims fail on the merits and affirm on that basis.

## II. Analysis

When a state court adjudicates a claim for habeas relief on the merits, the petitioner can obtain federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

To prevail on his claims of ineffective assistance of counsel, Mr. Duran had to show both that his counsel provided deficient assistance and that his defense was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing prejudice under *Strickland*, we ask "whether it is reasonably likely the result would have been different" but for counsel's alleged errors. *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (internal quotation marks omitted).

## A. Gunshot Residue Testing

Mr. Duran contends he was deprived of his right to a fair trial because his trial counsel failed to present exculpatory gunshot residue evidence. He argues that additional testing, had it been performed, would have bolstered his contention that he

had not used a gun (and his defense theory that the episode was consensual).  During Mr. Duran's opening argument, the jury heard that Mr. Duran had been tested for gunshot residue and that the results were negative.  Due to a discovery violation, the prosecution was barred from presenting any further evidence about the test, including testimony that might have shown the results were inconclusive.  Additional testing would have been minimally probative because, as noted by the state district court, the absence of gunshot residue does not prove that a person did not handle a gun.  Moreover, the gun was not alleged to have been fired in this case, further minimizing the probative value of further gunshot residue testing.  Therefore, the state court did not unreasonably apply *Strickland* when it determined Mr. Duran failed to establish that the outcome of his trial would have been different had his counsel presented additional gunshot residue evidence.  *See id.* at 112 ("The likelihood of a different result must be substantial, not just conceivable.").

## B.  Clerk Testimony

Mr. Duran argues he received ineffective assistance of counsel because his trial counsel did not call as a witness the clerk who was on duty at a convenience store where he and the victim stopped to buy water after the sexual assault.  He contends that the clerk would have testified that the victim did not appear to be in distress.  But such testimony would have been minimally probative because the victim testified that she tried to appear calm and did not seek help while she was in the store out of fear for her life.  The state court's determination that the clerk's testimony would not have made it reasonably likely that the result of the trial would

4

have been different was not contrary to, or an unreasonable application of, the *Strickland* standard.

## C. Lesser Included Offense Instruction

Mr. Duran contends his trial counsel was ineffective for failing to request a jury instruction on second-degree kidnapping, which, unlike first-degree kidnapping, does not require that the defendant intend to force the victim to make a concession or give up something of value to secure release. *See People v. Weare*, 155 P.3d 527, 530 (Colo. App. 2006) (discussing concession requirement for first-degree kidnapping); *see also* Colo. Rev. Stat. § 18-3-302 (defining second-degree kidnapping). Mr. Duran argues that one of the jury's questions during deliberation shows that the jury did not believe the elements of first-degree kidnapping had been proven beyond a reasonable doubt. The jury asked: "We unanimously agree that the defendant is guilty of two charges; however, in the charge of kidnapping, we all agree that there was a kidnapping, but we do not agree on all the sub-points. What do we do?" Aplee. App. at 86 (internal quotation marks omitted). The verdict form included the first-degree kidnapping charge and three separate interrogatories as to whether (A) the victim suffered bodily injury, (B) Mr. Duran used a deadly weapon, and (C) he "forced the victim to make any concession or give up anything of value in order to secure her release by forcing the victim to do one or more of the following . . . submit to sexual assault . . . agree to reconcile with [him]." Aplt. App., Vol. 2 at 206 (brackets omitted). The state court reasonably determined that the jury's reference to "sub-parts" meant the interrogatories, rather than the elements of

first-degree kidnapping, on which the jury had declared it had reached unanimous agreement. Thus, the court's conclusion that Mr. Duran failed to demonstrate that the outcome would have been different had his trial counsel requested an instruction on second-degree kidnapping was neither based on an unreasonable determination of the facts nor contrary to, or an unreasonable application of, *Strickland*.

## D. Limiting Instruction on 404(b) Evidence

Mr. Duran argues that his trial counsel was ineffective for failing to request a limiting instruction regarding testimony of a former girlfriend. Although the court gave a contemporaneous instruction at the time the testimony was admitted, Mr. Duran contends that his counsel should have requested an additional instruction in the general charge to the jury. He points to his direct appeal, in which the CCA determined that the evidence "probably should not have been admitted. It was temporally and logically remote from the charged offenses, as it occurred more than six years earlier and involved a different woman and different circumstances." Aplt. App., Vol. 1 at 131. But the CCA went on to conclude that "[a]ny error in allowing the evidence . . . does not warrant reversal as no reasonable probability exists that the error contributed to the defendant's conviction. Because the woman's testimony was brief, and the incident was much less serious than the charged offenses, we conclude that any error was harmless." *Id.* (internal quotation marks and citation omitted). This is consistent with state district court's determination that Mr. Duran was not prejudiced by his trial counsel's failure to request an additional limiting instruction. Again, the state court did not unreasonably apply *Strickland*.

6

**E. Cumulative Error**

Mr. Duran argues that the cumulative effect of his trial counsel's errors deprived him of his right to effective assistance of counsel. "A cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003) (internal quotation marks omitted).

Having found no prejudicial error in trial counsel's performance, the state court determined there was no cumulative error. However, "claims should be included in the cumulative-error calculus [even] if they have been individually denied for insufficient prejudice." *Id.* at 1207. Because the state court did not assess the aggregate prejudice that could have resulted based on Mr. Duran's claims, we are not constrained by the deference limitations in § 2254(d) and we review his claim of cumulative error de novo. *See id.* at 1220.

In resolving Mr. Duran's claims under the prejudice prong of *Strickland*, "we have effectively assumed that counsel's performance was constitutionally deficient." *Grant v. Royal*, 886 F.3d 874, 955 (10th Cir. 2018). Therefore, we must assess whether the alleged errors had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.* (internal quotation marks omitted). As discussed above, additional gunshot residue testing and testimony from the convenience store clerk would have added little, if anything, to support Mr. Duran's defense theory. And no prejudice can be attributed to trial counsel's failure to request a lesser

7

included instruction given the jury's determination that the prosecution proved beyond a reasonable doubt Mr. Duran forced the victim to make both the concessions listed on the special interrogatory—submitting to sexual assault and agreeing to reconcile with him. Finally, given the jury's further determinations that the victim suffered bodily injury and that that Mr. Duran used or threatened the use of a deadly weapon, the testimony of his former girlfriend regarding conduct that was much less egregious could not have had a substantial effect on the jury's verdict. We discern no cumulative error.

## III. Conclusion

We affirm the district court's denial of habeas relief as to Mr. Duran's claims.

Entered for the Court


Gregory A. Phillips
Circuit Judge

8