24CA0800 Peo v Rollie 01-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0800
City and County of Denver District Court No. 06CR10482
Honorable Alex C. Myers, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael Orlando Rollie,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Schock and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Michael Orlando Rollie, Pro Se

¶ 1    Michael Orlando Rollie appeals the postconviction court's order denying his most recent Crim. P. 35(a) motion to correct an illegal sentence.  We affirm.

## I.    Background

¶ 2    Based on Rollie's acts of shooting four victims, a jury found him guilty of one count of attempted first degree murder, three counts of attempted manslaughter, three counts of first degree assault, and one count of second degree assault.  The trial court imposed an aggregate sentence of 104 years in the custody of the Department of Corrections (DOC).

¶ 3    On direct appeal, a division of this court affirmed the judgment.  *See People v. Rollie*, (Colo. App. No. 08CA0391, July 26, 2012) (not published pursuant to C.A.R. 35(f)).

¶ 4    Over the next ten years, Rollie filed numerous postconviction motions, including Rule 35(a) claims challenging the legality of his sentences.  The postconviction court issued orders denying the motions.  As to those orders that Rollie appealed, divisions of this court affirmed.  *See People v. Rollie*, (Colo. App. No. 13CA2297, May 7, 2015) (not published pursuant to C.A.R. 35(f)); *People v. Rollie*, (Colo. App. No. 16CA1538, Sept. 20, 2018) (not published pursuant

to C.A.R. 35(e)); *People v. Rollie*, (Colo. App. No. 20CA0435, Apr. 29, 2021) (not published pursuant to C.A.R. 35(e)) (*Rollie III*); *People v. Rollie*, (Colo. App. No. 23CA0154, Oct. 12, 2023) (not published pursuant to C.A.R. 35(e)).

¶ 5     In 2024, Rollie filed the Rule 35(a) motion at issue here.  He asserted that his three convictions for attempted manslaughter do not constitute crimes of violence under section 18-1.3-406, C.R.S. 2024, so his sentences on those three convictions could not be imposed consecutively to each other and to other sentences under the crime of violence statute.  He also argued that the division in *Rollie III* erred by finding that consecutive sentences were not imposed on those three convictions.  *See Rollie III*, slip op. at ¶ 31.  Further, he argued that his claim was not barred by the law of the case doctrine because the postconviction court never specifically resolved this exact claim.

¶ 6     The postconviction court issued a written order denying the motion.  The court first ruled that Rollie's claim was barred by the law of the case doctrine.  The court also ruled that, *in any event*, a sentencing court generally has the discretion to impose consecutive (or concurrent) sentences on multiple convictions.

## II. Analysis

¶ 7    We review the legality of a sentence de novo. *Magana v. People*, 2022 CO 25, ¶ 33; *see also Jones v. Samora*, 2016 COA 191, ¶ 46 ("Whether the law of the case or issue preclusion applies to bar the litigation of an issue is a question that we review de novo.").

¶ 8    As an initial matter, we note that Rollie's claim involving his sentences for attempted manslaughter does not implicate his aggregate sentence of 104 years in the DOC, which is comprised of his consecutive sentences on *other* convictions, namely, his consecutive sentences of forty-six years for attempted first degree murder, twenty-four years on one first degree assault conviction, twenty-two years on another first degree assault conviction, and twelve years on his second degree assault conviction.

¶ 9    Nevertheless, even assuming that Rollie is correct that the trial court imposed consecutive sentences on his three convictions for attempted manslaughter, we affirm because the record does not include the transcript of the 2008 sentencing hearing, so we have no way of knowing why the trial court imposed consecutive sentences on Rollie's convictions for attempted manslaughter. *See LePage v. People*, 2014 CO 13, ¶¶ 15-16 ("According to the

3

presumption of regularity, appellate courts presume that the trial judge did not commit error absent affirmative evidence otherwise. . . . The effect of this presumption is that the party asserting error must affirmatively show that it occurred."); *People v. Duran*, 2015 COA 141, ¶ 12 ("It is the appellant's responsibility to designate the record on appeal, including those parts of the trial proceedings that are necessary for purposes of the appeal, and to ensure that the record is properly transmitted to an appellate court."). Therefore, nothing in the record shows that the trial court believed consecutive sentences on the attempted manslaughter convictions were mandatory under the crime of violence statute. And we are unpersuaded by Rollie's reliance on the jury's verdict forms as the basis for the court's imposition of consecutive sentences. Any errors in the interrogatories or the verdict forms could have been raised in the direct appeal and are no longer reviewable under Crim. P. 35(c)(VII). Moreover, as the postconviction court noted, a trial court generally has the discretion to impose consecutive or concurrent sentences. *Juhl v. People*, 172 P.3d 896, 899 (Colo. 2007). The trial court may have imposed consecutive sentences on Rollie's convictions for attempted

4

manslaughter in its discretion because, for example, the three convictions involved three different victims.

¶ 10     Accordingly, we affirm the postconviction court's ruling.

### III.     Disposition

¶ 11     The order is affirmed.

JUDGE SCHOCK and JUDGE SULLIVAN concur.