23CA1077 Peo v Suarez 05-22-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1077
Adams County District Court No. 19CR1077
Honorable Robert W. Kiesnowski, Jr., Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Israel L. Suarez,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE WELLING
Grove and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 22, 2025

Philip J. Weiser, Attorney General, Jillian J. Price, Deputy Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Robert P. Borquez, Alternate Defense Counsel, Denver, Colorado, for
Defendant-Appellant

¶ 1    Defendant, Israel L. Suarez, appeals the postconviction court's order denying his motion to vacate the trial court's order requiring him to pay the costs of prosecution. We affirm.

## I.    Background

### A.    The Proceedings Through the Direct Appeal

¶ 2    According to the arrest affidavit, Suarez and other jail inmates assaulted the victim. The prosecution charged Suarez with second degree assault pursuant to section 18-3-203(1)(g), C.R.S. 2024.

¶ 3    Although the trial transcripts are not part of the record on appeal, other sources in the record indicate that (1) the victim did not appear to testify, and (2) the prosecution called an expert in emergency and trauma medicine, who testified that the victim suffered serious bodily injury. The jury found Suarez guilty of the lesser included offense of third degree assault for recklessly causing bodily injury to the victim. *See* § 18-3-204(1)(a), C.R.S. 2024.

¶ 4    Before sentencing, the prosecution filed a motion for the costs of prosecution along with a motion seeking restitution. The motion for the costs of prosecution sought a total of $707.68, consisting of $637.50 in costs paid to a medical expert who testified at trial,

$17.68 in witness fees and mileage reimbursements, and $52.50 in subpoena costs.

¶ 5     Following the sentencing hearing, the trial court issued an order granting the prosecution's motion for the costs of prosecution, but deferred its ruling on the restitution motion to give Suarez an opportunity to respond.

¶ 6     Suarez subsequently filed a direct appeal of the judgment of conviction.

¶ 7     Suarez also objected to the motions for the costs of prosecution and restitution.  As to the costs of prosecution, Suarez argued he couldn't be required to pay the costs of proving the second degree assault charge, which included the element of serious bodily injury, because the jury had acquitted him on that charge.  Instead, he argued that he could only be required to pay the costs of proving the third degree assault, which required proving mere bodily injury (not serious bodily injury), and that the medical expert wasn't necessary to prove that offense.

¶ 8     The People responded, arguing, among other things, that because the victim didn't testify at trial, the medical expert was necessary to prove that the victim suffered mere bodily injury.

2

¶ 9    Following a hearing at which the prosecution didn't present additional evidence, the trial court reaffirmed its ruling ordering the costs of prosecution; it also granted the restitution motion.

¶ 10    Suarez then amended his notice of appeal in the direct appeal to include the trial court's orders imposing the costs of prosecution and restitution.

¶ 11    In the direct appeal, a division of this court affirmed the judgment of conviction. *See People v. Suarez*, slip op. at ¶¶ 1, 7-44, 53 (Colo. App. No. 19CA1966, Nov. 4, 2021) (not published pursuant to C.A.R. 35(e)).  As to the restitution order, however, the division reversed and remanded for a determination of what losses, if any, were proximately caused by the third degree assault of which Suarez was convicted.  *See id.* at ¶¶ 1, 45-51, 53.

¶ 12    Further, and most significant for our purposes, the division declined to address the costs-of-prosecution issue because Suarez's direct appeal counsel only cursorily argued the issue in the opening brief, instead waiting until the reply brief to provide specific argument on the issue.  *See id.* at ¶ 52.  So, the division's opinion left intact the trial court's order imposing the costs of prosecution.

## B.    The Postconviction Proceedings

¶ 13    On remand, the postconviction court held a restitution hearing consistent with the division's instructions.  Suarez didn't raise any argument at that hearing regarding the costs of prosecution.  The court ultimately denied the restitution motion on the ground that Suarez had been convicted of causing the victim mere bodily injury, not serious bodily injury, and the prosecution hadn't proven what portion of the restitution request, if any, was based solely on the victim's bodily injury.

¶ 14    Nearly a year later, Suarez filed the postconviction motion at issue, titled a "motion for a directed order to Adams County Collections to vacate restitution *and* costs of prosecution." (Emphasis added.)  In terms of restitution, the motion asked the postconviction court to vacate the original restitution order because, although the court denied the restitution motion on remand, it didn't formally vacate the original restitution order, so restitution remained owing and accruing interest.  But notably, in the motion, Suarez *also* asked the postconviction court to vacate the original order imposing the costs of prosecution, again suggesting that the costs associated with the medical expert weren't

attributable to the third degree assault of which he had been convicted.

¶ 15    As to restitution, the postconviction court granted Suarez's motion and vacated the original restitution order. As to the costs of prosecution, the court ordered the prosecution to file a response.

¶ 16    In the prosecution's response, it argued, among other things, that the medical expert's testimony was directly related to proving that the victim suffered bodily injury, an element of the third degree assault of which Suarez was convicted. In doing so, the prosecution again emphasized that the victim didn't testify at trial, and it asserted that the medical expert was one of the only witnesses to testify about the victim's bodily injury.

¶ 17    The postconviction court issued a written order denying Suarez's motion to vacate the costs-of-prosecution order, explaining that it was doing so "[f]or the reasons stated in the prosecution's response."

## II.    Analysis

¶ 18    On appeal, Suarez contends yet again that the prosecution wasn't entitled to recover the costs of prosecution because the

medical expert wasn't necessary to prove mere bodily injury, an element of the third degree assault of which he was convicted.

¶ 19    However, Suarez concedes that he already had the opportunity to litigate that issue in 2019 and 2020 in the district court, and later in 2020 when he filed his opening brief in the direct appeal. Nevertheless, he argues that he didn't get appellate review of the original costs-of-prosecution order because his appellate counsel on direct appeal was "obviously" ineffective in waiting until the reply brief to present specific argument challenging the costs of prosecution.  He also argues that we should address the merits of the issue now, "[i]n the interest of judicial economy," because his only alternative would be to file a Crim. P. 35(c) motion raising that ineffective assistance claim after the conclusion of this appeal.

¶ 20    What Suarez appears to overlook is that he could have raised that ineffectiveness claim against direct appeal counsel in the postconviction motion that is currently before us.  He didn't. Instead, in that motion, he simply reargued the merits that the medical expert wasn't necessary to prove the third degree assault of which he was convicted.  In other words, it is in this appeal that he

is raising the ineffective assistance claim for the very first time in this case.

¶ 21    We generally won't address ineffective assistance claims raised for the first time on appeal. *See People v. Cuevas*, 2024 COA 84, ¶ 33 (holding that, because of the need for a developed factual record, an ineffective assistance claim should ordinarily be raised in a postconviction motion, not on appeal); *People v. Huggins*, 2019 COA 116, ¶ 17 ("When a defendant does not raise an issue in a postconviction motion or during the hearing on that motion, and the postconviction court therefore does not have an opportunity to rule on the issue, as a general rule, the issue is not properly preserved for appeal and [an appellate court] will not consider it.").

¶ 22    Despite that rule, Suarez effectively asks us to hold, as a matter of law, that his counsel's performance on direct appeal was constitutionally deficient for waiting until the reply brief to present specific argument challenging the costs of prosecution. *See Strickland v. Washington*, 466 U.S. 668, 687-91 (1984) (a defendant raising an ineffective assistance claim must show that counsel's performance was constitutionally deficient). We decline to do so. *See Cuevas*, ¶ 33; *Huggins*, ¶ 17.

¶ 23    Further, even if we *were* inclined to hold as a matter of law that direct appeal counsel's performance was constitutionally deficient, we wouldn't be able to effectively analyze the prejudice prong of the ineffective assistance claim.  *See Strickland*, 466 U.S. at 691-96 (a defendant raising an ineffective assistance claim must also show prejudice, in other words, that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different).  That is because the trial transcripts aren't part of the record on appeal.  *See id.* at 695 (In analyzing the prejudice prong, a court "must consider the totality of the evidence.").  So, we have no legitimate basis to analyze key factual issues such as the content of the medical expert's testimony and whether the prosecution presented any other evidence establishing that the victim suffered bodily injury (an element of the third degree assault charge of which Suarez was convicted).  Because of that, we don't have an adequate basis to determine whether there is a reasonable probability that the portion of Suarez's direct appeal challenging the costs-of-prosecution order would have been successful if his appellate counsel had presented specific argument in the opening brief on that issue.

8

¶ 24     "It is the appellant's responsibility to designate the record on appeal, including those parts of the trial proceedings that are necessary for purposes of the appeal, and to ensure that the record is properly transmitted to an appellate court." *People v. Duran*, 2015 COA 141, ¶ 12 (citing C.A.R. 10(b), (c)).  Suarez's designation of transcripts for this appeal didn't include the trial transcripts. Therefore, even if we were inclined to address the merits of Suarez's ineffective assistance claim, we wouldn't be able to effectively do so.

### III.    Disposition

¶ 25     The order is affirmed.

JUDGE GROVE and JUDGE JOHNSON concur.