24CA2092 Peo v McDonald 10-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2092
Adams County District Court No. 23CR1270
Honorable Sean Finn, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jesse Durden McDonald II,

Defendant-Appellant.

---

ORDERS AFFIRMED

Division III
Opinion by JUDGE LIPINSKY
Dunn and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

---

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General and Assistant Solicitor General, Denver, Colorado, for
Plaintiff-Appellee

Jesse Durden McDonald II, Pro Se

¶ 1    Jesse Durden McDonald II appeals the postconviction court's orders denying his Crim. P. 35(b) and Crim. P. 35(c) motions without a hearing. We affirm.

## I.    Background

¶ 2    The prosecution charged McDonald with second degree assault of an at-risk victim, robbery, and two counts of first degree aggravated motor vehicle theft with two or more prior convictions. McDonald agreed to plead guilty to two added counts — second degree assault and first degree motor vehicle theft — in exchange for dismissal of the original charges. In October 2023, McDonald entered a guilty plea, and the district court sentenced him to nine and a half years in the custody of the Department of Corrections.

¶ 3    More than one year later, McDonald filed a Crim. P. 35(b) motion in which he sought a sentence reduction. In addition, in the motion, McDonald asked the postconviction court to provide him with court-mandated drug and mental health treatment. The court denied the motion, finding that McDonald's sentence was appropriate "based on the conduct here and [his] criminal history."

¶ 4    Together with his Crim. P. 35(b) motion, McDonald filed a Crim. P. 35(c) motion, in which he asserted that (1) his convictions

should be overturned because they were based on "flimsy hearsay" and (2) his attorney was ineffective because the attorney used "fear tactics" to force him to enter a guilty plea. The postconviction court denied McDonald's Crim. P. 35(c) motion after finding that he "fail[ed] to state factual grounds upon which the motion could be granted."

## II.    The Crim. P. 35(b) Motion

¶ 5     McDonald first asserts that the postconviction court erred by denying his Crim. P. 35(b) motion. We disagree.

¶ 6     Under Crim. P. 35(b), a court may reduce a defendant's sentence, but only if, as pertinent to this appeal, the defendant moves for reconsideration of the sentence within 126 days after the court imposed it. If the defendant fails to file a timely motion for a sentence reduction, or the court declines to reduce the sentence on its own motion within the prescribed time period, the court loses jurisdiction to reduce the defendant's sentence. *People v. Fuqua*, 764 P.2d 56, 59 (Colo. 1988).

¶ 7     In this case, McDonald did not file his Crim. P. 35(b) motion until more than a year after the trial court sentenced him.

Therefore, the motion was untimely, and the postconviction court was required to deny it for that reason. *See id.*

¶ 8   Accordingly, we conclude that the postconviction court did not err by denying McDonald's Crim. P. 35(b) motion, albeit on different grounds from those on which the postconviction court based its decision. *See People v. Aarness*, 150 P.3d 1271, 1277 (Colo. 2006) (explaining that an appellate court may affirm the judgment on any ground supported by the record, even if the court did not address that ground).

## III.   The Crim. P. 35(c) Motion

¶ 9   Second, McDonald contends that the postconviction court erred by denying his Crim. P. 35(c) motion. We disagree.

¶ 10   We review de novo a postconviction court's denial of a Crim. P. 35(c) motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14, 459 P.3d 516, 519.

¶ 11   A district court may deny a Crim. P. 35(c) motion without a hearing if the motion, files, and record clearly establish that the allegations in the defendant's motion do not warrant postconviction relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003). This standard is satisfied if (1) the defendant's allegations are bare and

3

conclusory; (2) even if true, they do not warrant postconviction relief; or (3) the record directly refutes the defendant's claims. *People v. Duran*, 2015 COA 141, ¶ 9, 382 P.3d 1237, 1239.

¶ 12    To succeed on an ineffective assistance claim, a defendant must establish that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant, meaning there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Dunlap v. People*, 173 P.3d 1054, 1062-63 (Colo. 2007). A postconviction court may reject an ineffective assistance claim if the defendant fails to demonstrate either deficient performance or prejudice. *See People v. Aguilar*, 2012 COA 181, ¶ 9, 317 P.3d 1255, 1257.

¶ 13    McDonald first asserts that the postconviction court erred by denying his request to vacate his convictions because they were based on "flimsy hearsay." However, by pleading guilty, McDonald waived the right to challenge the facts underlying his convictions. *See People v. Isham*, 923 P.2d 190, 195 (Colo. App. 1995) ("[A]

4

defendant has no right to raise a constitutional claim after a guilty plea when that claim does not relate directly to the adequacy of the plea."). The court therefore did not err by denying McDonald's challenge to the facts underlying his convictions. *See Duran*, ¶ 9, 382 P.3d at 1239.

¶ 14 Next, McDonald asserts that the postconviction court erred by denying his ineffective assistance of counsel claim. Specifically, McDonald maintains that his attorney coerced him into pleading guilty by telling him that, "if [he] were to take [his] case to trial, [he] would lose," and that McDonald therefore believed he had "no other choice than to take a plea agreement."

¶ 15 But even if we accept these allegations as true, we do not see any basis for granting postconviction relief. McDonald has not explained how his attorney's advice was faulty or coercive. *See People v. Adams*, 836 P.2d 1045, 1048 (Colo. App. 1991) ("Competent advice of counsel, albeit stated in strong language, does not constitute coercion standing alone."); *see also People v. Riley*, 529 P.2d 1312, 1313 (Colo. 1975) (noting that defense counsel has a "duty to inform his client with complete candor and to offer his best estimate of the probable outcome of the case").

McDonald therefore has not sufficiently alleged that his attorney provided deficient performance. *See Duran*, ¶ 9, 382 P.3d at 1239. Consequently, we need not address the prejudice prong of his ineffective assistance argument. *See Aguilar*, ¶ 9, 317 P.3d at 1257.

¶ 16 Finally, we decline to address arguments that McDonald asserts in this appeal but that he did not raise in his motion, including claims that his attorney pressured him into waiving his right to a preliminary hearing and that he was prejudiced because his attorney and the judge changed before he was sentenced. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review.").

## IV. Disposition

¶ 17 The orders are affirmed.

JUDGE DUNN and JUDGE KUHN concur.