2012 COA 181

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Antonio AGUILAR, Defendant–Appellant.**

**No. 11CA1116.**

Colorado Court of Appeals,
Div. IV.

Oct. 25, 2012.

John W. Suthers, Attorney General, Clemmie Parker Engle, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Antonio Aguilar, Pro Se.

Opinion by Judge GRAHAM.

¶ 1 Defendant, Antonio Aguilar, appearing pro se, appeals the district court's order denying his Crim. P. 35(c) motion for postconviction relief alleging ineffective assistance of

counsel. We affirm. As a matter of first impression, we conclude that the implied acquittal rule does not bar retrial of a greater offense when a jury deadlocks on that charge but convicts on a lesser included offense.

## I. Background

¶ 2 As relevant to this appeal, defendant and his companions broke into the victim's home, bound and gagged the victim, and covered him with a mattress. They then ransacked the victim's home and carried items away. The victim was unable to free himself and consequently died.

¶ 3 On February 1, 2005, a jury found defendant guilty of first degree burglary, second degree burglary, theft, robbery and conspiracy to commit robbery. The jury could not reach a verdict on a charge of felony murder and a mistrial was granted with respect to that charge. Prior to the scheduled retrial, defendant pled guilty to second degree murder in exchange for dismissal of the felony murder charge. On April 15, 2005, the trial court sentenced defendant to a total of fifty-seven years in the custody of the Department of Corrections.

¶ 4 Defendant directly appealed his lesser convictions and related sentence. On August 21, 2008, a division of this court merged defendant's first and second degree burglary convictions and affirmed the judgment in all other respects. *People v. Aguilar*, (Colo. App. No. 05CA0925, 2008 WL 3878158, Aug. 21, 2008) (not published pursuant to C.A.R. 35(f)) (*Aguilar I* ).

¶ 5 On January 6, 2009, defendant filed a pro se Crim. P. 35(c) motion alleging nine instances of ineffective assistance of counsel. The district court issued a written order denying defendant's claims without holding a hearing. This appeal followed.

## II. Standard of Review

¶ 6 We review de novo the summary denial of a motion for postconviction relief under Crim. P. 35(c). *People v. Gardner*, 250 P.3d 1262, 1266 (Colo.App.2010). We will not disturb the trial court's denial of a Crim. P. 35(c) motion if the record supports its findings and judgment. *People v. Karpierz*, 165 P.3d 753, 755 (Colo.App.2006). In postconviction proceedings, the legality of the judgment and the regularity of the proceedings below are presumed, and the burden is on the defendant to establish his allegations by a preponderance of the evidence. *People v. Simpson*, 69 P.3d 79, 80 (Colo.2003).

¶ 7 "A criminal defendant is constitutionally entitled to effective assistance from his counsel." *Ardolino v. People*, 69 P.3d 73, 76 (Colo.2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To establish a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was outside the wide range of professionally competent assistance; and (2) he was prejudiced by counsel's errors. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *Davis v. People*, 871 P.2d 769, 772 (Colo.1994). To obtain relief, the defendant must prove by a preponderance of the evidence each prong of the *Strickland* test. *People v. Russell*, 36 P.3d 92, 96 (Colo. App.2001).

¶ 8 In assessing the first prong of the *Strickland* test, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. To establish prejudice under the second prong, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052.

¶ 9 If a court determines that counsel's performance was not constitutionally deficient, it need not consider prejudice. *People v. Sparks*, 914 P.2d 544, 547 (Colo.App.1996). Similarly, if a court determines that a defendant failed to prove prejudice, it may resolve the claim on that basis alone. *People v. Garcia*, 815 P.2d 937, 941 (Colo.1991).

## III. Counsel's Alleged Ineffective Assistance During Trial

### A. DNA Testing

¶ 10 Defendant contends he received ineffective assistance of trial counsel because counsel failed to hire an expert to observe and rebut the prosecution's use of consump-

tive deoxyribonucleic acid (DNA) testing. We disagree.

¶ 11 Initially, we note that one aspect of defendant's argument—that the DNA testing was improper—was raised before and ruled on by the prior division in *Aguilar I*, and we therefore do not address it. *See* Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal ... on behalf of the same defendant....").

¶ 12 Turning to defendant's argument that his counsel should have found a DNA expert to rebut the testimony of the prosecution's DNA expert, we conclude after examining the record that defendant failed to alleged facts establishing that counsel's choice was outside the wide range of professionally competent assistance. Prior to trial, defense counsel filed several motions to exclude the DNA evidence and requested, and received, a *Shreck* hearing on the prosecution's evidence. *See People v. Shreck*, 22 P.3d 68 (Colo.2001). After the hearing and the trial court's ruling that the evidence was admissible, defense counsel's decision whether or not to call his own DNA expert was a matter of trial strategy. Defendant's assertion that an expert could have contradicted the prosecution's evidence is facially speculative. Consequently, defendant was not entitled to a hearing on this claim.

## B.  Failure to Tender a Reckless Manslaughter Instruction

¶ 13 Defendant contends counsel was ineffective for failing to tender a reckless manslaughter instruction at trial. Because reckless manslaughter was inconsistent with defendant's theory of defense, we reject this contention.

¶ 14 " 'A trial court is not required to give a lesser offense instruction requested by a defendant unless there is some evidence tending to establish the lesser offense and a rational basis upon which the jury may acquit the defendant of the greater offense but convict him or her of the lesser.' " *People v. Chavez*, 190 P.3d 760, 769–70 (Colo.App.2007) (quoting *People v. Gordon*, 32 P.3d 575, 578 (Colo.App.2001)). "No such rational basis exists where the lesser offense instruction is inconsistent with the defendant's theory of defense." *Id.* at 770.

¶ 15 At trial, defendant's theory of defense was that he did not cause the victim's death. During opening statements, defense counsel argued that defendant was not part of the assault or the robbery. Counsel stated:

I've talked about what the evidence isn't going to show. I want to talk and end here with what the evidence is going to show. It's going to show that [T.M.] and [K.M.] were dancing on [the victim's] grave. The Wal–Mart purchases, [T.M.] had [the victim's] credit cards and she used them to buy things at WalMart; not [defendant].

[At] Easy Pawn, [T.M.] and [K.M.] pawn items that were taken from [the victim's] house; not [defendant]. [As to] Western Union, [K.M.] makes the call and tries to send the money to [T.M.]; no involvement by [defendant]. There's nothing, no evidence that you're going to see that ties [defendant] to any of this, except for [T.M.] trying to pass the blame. And she says, "Oh, yeah I got the credit cards from [defendant], he gave them to me, and by the way, I gave them back to him." And nothing, you'll never see anything that ties them to [defendant], because he never had them, never knew about it.

¶ 16 Again, during closing argument counsel argued that all of the prosecution's witnesses had merely attempted to shift blame from themselves and that their testimony was incredible. Thus, based upon defendant's theory of the case, the trial court could have properly denied a tendered lesser non-included reckless manslaughter instruction. *See id.; see also People v. Bustos*, 725 P.2d 1174, 1175–76 (Colo.App.1986) (the defendant was not entitled to a lesser nonincluded offense instruction that was inconsistent with his theory of defense that he did not know the substance in his possession was cocaine). Therefore, defendant cannot prove that counsel's performance was deficient in this regard.

## IV. Counsel's Alleged Deficient Performance During Defendant's Plea Hearing

### A. Double Jeopardy

¶ 17 Defendant contends his trial counsel was ineffective for not advising him of his double jeopardy rights. Specifically, defendant argues that because the jury had convicted him of first degree burglary, a lesser included offense of felony murder, he could not be retried for felony murder and, therefore, his counsel was ineffective in neglecting to advise him that he should not plead to another lesser included offense of felony murder.[1] As a matter of first impression, we conclude that the implied acquittal rule does not bar retrial of a greater offense when a jury deadlocks on that charge but convicts on a lesser included offense, and, therefore, we reject this contention.

¶ 18 "The Double Jeopardy Clause provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.'" *Blueford v. Arkansas,* —— U.S. ——, ——, 132 S.Ct. 2044, 2050, 182 L.Ed.2d 937 (2012) (quoting U.S. Const. amend. V); *see* Colo. Const. art. II, § 18 ("No person shall ... be twice put in jeopardy for the same offense. If the jury disagree, or if the judgment be arrested after the verdict, or if the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy.").

The Clause "guarantees that the State shall not be permitted to make repeated attempts to convict the accused, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

*Blueford,* —— U.S. at ——, 132 S.Ct. at 2050 (quoting *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)). However, "[i]t is settled law that a criminal trial may be terminated if the jury is deadlocked and cannot

reach a verdict. Reprosecution of an accused under these circumstances is not barred by [the] double jeopardy doctrine." *Ortiz v. Dist. Court,* 626 P.2d 642, 646 (Colo.1981). This is sometimes referred to as the "hung jury" rule.

¶ 19 In contrast, "[a]n implied acquittal prevents retrial on the greater offense because a second trial would violate a defendant's constitutional protection against double jeopardy." *People v. Cardenas,* 25 P.3d 1258, 1261 (Colo.App.2000). "A defendant is impliedly acquitted of a greater offense when he or she is charged with greater and lesser offenses and the jury finds him or her guilty of only the lesser offense." *Id.*

¶ 20 Here, the jury convicted defendant of burglary but deadlocked on felony murder, and the trial court granted a mistrial on that charge. Burglary is a lesser included offense of felony murder. *Cf. People v. Bartowsheski,* 661 P.2d 235, 245 (Colo.1983) (prosecution's proof of felony murder necessarily establishes every element of the predicate felony, making the predicate felony a lesser included offense of the felony murder). However, burglary was not presented to the jury as a lesser included offense of felony murder; instead, it was a separately charged crime.

¶ 21 We conclude that when a jury deadlocks on a greater charge but convicts on a lesser included charge, the hung jury rule, and not the implied acquittal doctrine, applies. *See, e.g., United States v. Allen,* 755 A.2d 402, 407 (D.C.2000) ("Early in its double jeopardy jurisprudence, the Supreme Court concluded that if a jury convicts on some counts but is silent as to the others, the discharge of the jury is tantamount to an acquittal, but if the jury formally disagrees on the verdict for an offense, retrial is not precluded...."); *State v. O'Donnell,* 192 Or. App. 234, 85 P.3d 323, 335 (2004) ("As a matter of law, retrial of the felony murder charge will not result in either unconstitutionally impermissible multiple prosecutions or multiple punishments. Defendant would

---

1. Counsel filed a motion on defendant's behalf on double jeopardy grounds and during his Crim. P. 11 advisement the court explained to defendant that by pleading guilty he was abandoning that motion. Defendant agreed.

not be retried on the first-degree robbery charge on which he was previously convicted; rather, he would merely be retried on the felony murder charge on which the jury was unable to reach a verdict. Nor would defendant be subject to multiple punishments for the first-degree robbery; rather, he would be subject to punishment for felony murder-a crime for which commission of the predicate felony is an element."); *State v. Linton,* 156 Wash.2d 777, 132 P.3d 127, 132 (2006) ("We do not believe that there was an implied acquittal based on silence here because the court inquired and the jury articulated that it was unable to agree on the first degree assault charge and the judge then declared the jury hopelessly deadlocked.").

¶ 22 In the instant case, the jury convicted defendant of burglary and expressly hung on the charge of felony murder. Therefore, a retrial for felony murder would not have violated defendant's double jeopardy rights. Consequently, his claim that counsel was ineffective for allowing his guilty plea to avoid a second trial fails.

¶ 23 Accordingly, we conclude defendant has failed to prove constitutionally deficient performance by counsel.

### B. Rule 11 Providency Hearing

¶ 24 Defendant contends he received ineffective assistance of counsel during the Crim. P. 11 providency hearing. Specifically, he argues that his counsel failed to explain that (1) he could receive consecutive sentences for his guilty plea and his convictions at trial; (2) he was pleading guilty to a crime of violence; (3) the People were required to prove the element of intent for second degree murder; and (4) the People were required to establish a factual basis for his guilty plea. Subsumed within these arguments is defendant's claim that his plea was not voluntary, knowing, or intelligent. Because the record refutes each of these arguments, we reject this contention.

¶ 25 "[For a plea] to be constitutionally valid, a defendant must enter his guilty plea knowingly, voluntarily, and intelligently." *Sanchez–Martinez v. People,* 250 P.3d 1248, 1255 (Colo.2011). " 'The longstanding test for determining the validity of a guilty plea is

whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Id.* (quoting *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

¶ 26 First, the plea agreement signed by defendant specifically stated, "I understand the Court can order any sentence I receive to run concurrent[ly] (together with) with or consecutive[ly] (in addition to) to any other sentence I have received or may receive in any jurisdiction." At the providency hearing, the trial court discussed the sentencing range agreed to by the People and defendant, namely twenty-two to fifty-nine years. Because defendant's guilty plea was for second degree murder, which carries a maximum sentence of forty-eight years, the agreed sentencing range included the possibility that the trial court would sentence defendant to consecutive sentences.

¶ 27 Second, the plea agreement signed by defendant disclosed the applicable sentencing range for second degree murder as sixteen to forty-eight years, the aggravated range for a crime of violence. § 18–1.3–406(2)(a)(II)(B), C.R.S.2012. This sentencing range was also discussed at the Rule 11 hearing.

¶ 28 Third, both in the plea agreement signed by defendant and at the plea hearing, defendant was advised of the elements of the crime of second degree murder. The plea agreement states:

I understand the nature of the charge(s) and the elements of each offense to which I am pleading and the effect of my plea.

The elements of the offense(s) to which I am pleading guilty are:

1. That the defendant

2. in the State of Colorado, at or about the date and place charged,

3. knowingly,

4. caused the death of [the victim].

A person acts "knowingly" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such a nature or that such circumstance exists. A person acts "knowingly" with respect to a result of his conduct when he is aware that

his conduct is practically certain to cause the result.

¶ 29 Fourth, defendant's plea agreement expressly waived his right to establishment of a factual basis, stating, "I agree that there is a factual basis for the plea of guilty to the crime charged in this matter and waive the requirement of showing a factual basis for the plea." In any event, at the providency hearing the trial court inquired into the factual basis, and the following exchange occurred:

THE COURT: All right. Now, I heard two trials on this, so I think I've got a pretty good idea of what the facts are, but your lawyer is going to basically tell me what they think the other side would be able to show. I understand there's two sides to the story, but I think they think the other side could show that you and [a codefendant] went, you know, to the basement, tied up [the victim] with tape and cords and something else, a belt, I think, covered him with a mattress, tied him so tight he couldn't get loose. The result is he died.

Is that what you believe the evidence against your client would be?

DEFENSE COUNSEL: That's correct, Judge.

THE COURT: Is that true, did you and [codefendant] do that?

DEFENSE COUNSEL: Judge, if I could, as I indicated [defendant] is not giving up his right on that. I would ask the Court not to ask him that.

THE COURT: You are not? Ordinarily I ask a person whether they did it because usually I'm not going to let him plead guilty to something that he didn't do.

But your lawyer, you sat through the trial, I'm not going to ask you to admit that's what you said [sic]. But do you agree that that's what the district attorney's evidence will show?

DEFENDANT: That's what they're trying to prove, yeah.

THE COURT: They—they do have evidence that should prove that if a jury believed their side of the story.

DEFENDANT: If the jury would believe.

THE COURT: Well, that clarifies a factual basis.

¶ 30 Because defendant was advised orally or in writing of each of the asserted errors, he failed to establish either deficient performance on the part of defense counsel or prejudice. *See Benavidez v. People,* 986 P.2d 943, 951 (Colo.1999) (a defendant's in-court affirmation that he understood the matters described in a plea agreement establishes sufficient compliance with Crim. P. 11).

¶ 31 The record also refutes defendant's claim that his plea was not voluntary, knowing, or intelligent. At the providency hearing, defendant represented to the court that he had read the entire plea agreement and understood everything in it. After full advisement by the court, defendant pled guilty. The record shows that this was a voluntary and intelligent choice among the alternative courses of action open to defendant. *Sanchez–Martinez,* 250 P.3d at 1255; *see, e.g., North Carolina v. Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ("Confronted with the choice between a trial for first-degree murder, on the one hand, and a plea of guilty to second-degree murder, on the other, Alford quite reasonably chose the latter and thereby limited the maximum penalty to a 30–year term.").

## V. Counsel's Alleged Deficient Performance During Sentencing

### A. Merger of Convictions

¶ 32 We reject defendant's contention that his counsel was ineffective for "failing to merge" his burglary and theft convictions. At sentencing, defense counsel directly raised this issue and the sentencing court rejected the argument because theft is not a lesser included offense of burglary. *See People v. Ramirez,* 18 P.3d 822, 830 (Colo.App. 2000) ("The doctrine of merger treats an offense as lesser included when proof of the essential elements of the greater offense necessarily establishes the elements required to prove the lesser offense."); *cf. Winter v. People,* 126 P.3d 192, 194 (Colo.2006) (theft is a lesser nonincluded offense of burglary).

### B.  Concurrent Sentencing

¶ 33 Defendant contends his counsel was ineffective in failing to secure concurrent sentences. Because defendant's convictions are not supported by identical evidence, we disagree.

¶ 34 As a general rule, when a defendant is convicted of multiple offenses, the sentencing court has discretion to impose consecutive or concurrent sentences. *Juhl v. People,* 172 P.3d 896, 899 (Colo.2007). However, section 18–1–408(3), C.R.S.2012, requires concurrent sentences for offenses committed against a single victim when (1) the counts are based on the same act or series of acts arising from the same criminal episode; and (2) the evidence supporting the counts is identical. *Qureshi v. Dist. Court,* 727 P.2d 45, 47 (Colo. 1986).

¶ 35 Here, the court sentenced defendant to consecutive sentences for second degree murder, robbery, and conspiracy. Each of these crimes required separate evidence to support a conviction. *See* § 18–3–103(1), C.R.S.2012 ("A person commits the crime of murder in the second degree if the person knowingly causes the death of a person."); § 18–4–301(1), C.R.S.2012 ("A person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery."); § 18–2–201(1), C.R.S.2012 ("A person commits conspiracy to commit a crime if, with the intent to promote or facilitate its commission, he agrees with another person or persons that they, or one or more of them, will engage in conduct which constitutes a crime or an attempt to commit a crime, or he agrees to aid the other person or persons in the planning or commission of a crime or of an attempt to commit such crime."). Accordingly, the trial court acted within its discretion by sentencing defendant to consecutive sentences for these crimes, and therefore counsel was not ineffective for failing to argue for concurrent sentences.

### VI.  Remaining Claim

¶ 36 Defendant also raised a *Batson* challenge below but does not argue it here. *See*

*Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We deem that claim to be abandoned on appeal. *See People v. Rodriguez,* 914 P.2d 230, 249 (Colo.1996) (defendant's "failure to specifically reassert on this appeal all of the claims which the district court disposed of ... constitutes a conscious relinquishment of those claims which he does not reassert").

### VII.  Conclusion

¶ 37 The order is affirmed.

Judge TERRY and Judge J. JONES concur.