23CA1741 Peo v Beddingfield 07-17-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1741
El Paso County District Court No. 21CR4971
Honorable Lin Billings Vela, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Christopher Beddingfield,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE LUM
Lipinsky and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 17, 2025

---

Philip J. Weiser, Attorney General, Lisa K. Michaels, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Christopher Beddingfield, Pro Se

¶ 1     Defendant, Christopher Beddingfield, appeals the district court's order denying his postconviction motion.  We affirm.

## I.     Background

¶ 2     The State charged Beddingfield with attempted second degree burglary, attempted aggravated robbery, felony menacing, and possession of a weapon by a previous offender.  He pleaded guilty to the menacing count in exchange for the dismissal of the remaining charges and a stipulated six-year prison sentence that would run concurrently with the sentence imposed in another criminal case.  The plea agreement indicated that Beddingfield's use of his fists constituted the deadly weapon element of felony menacing.

¶ 3     Beddingfield subsequently filed a combined Crim. P. 35(a) motion to correct an illegal sentence and Crim. P. 35(c) motion for postconviction relief.  He asserted that fists can constitute deadly weapons only if their use is accompanied by "assaultive conduct" and that him "balling up his fists, shaking his fists, and threatening to kick the victim's ass, without something more, like an assault/fight, cannot be deemed [f]elony [m]enacing under the laws of Colorado."  Beddingfield thus argued that the plea agreement was ambiguous as to the offense to which he pleaded guilty and

1

that his conviction should be modified to reflect a misdemeanor menacing conviction.

¶ 4 Beddingfield further argued that his plea counsel was ineffective for failing to investigate the deadly weapon element of the felony menacing charge and to advise him that he had a viable defense to that charge because his use of fists in the underlying matter would not fall within the definition of a deadly weapon. He claimed that, had counsel discovered that the prosecution could not prove the deadly weapon element, "it is reasonably probable that bringing [that information] to the prosecutor's attention during the plea-negotiations stage could have resulted in a better bargain, plea to the correct charge of misdemeanor menacing offense, or even dismissal of the case altogether."

¶ 5 The postconviction court denied the motion, holding that Beddingfield's sentence was legal and rejecting his challenge to his felony menacing conviction. Beddingfield appeals.

## II. Standard of Review and Legal Authority

¶ 6 Regardless of how he characterized his motion, Beddingfield substantively asserted Crim. P. 35(c) issues. *See People v. Knoeppchen*, 2019 COA 34, ¶ 6 ("[T]he substantive issues raised in

a motion, rather than the label placed on such motion, . . . determine how the matter should be characterized."), *overruled on other grounds by People v. Weeks*, 2021 CO 75, ¶ 47 n.16; *see also People v. Rockwell*, 125 P.3d 410, 414 (Colo. 2005) ("[M]otions that challenge the validity of a defendant's plea or the manner in which it was taken are properly brought under Crim. P. 35(c)."); *see also* Crim. P. 35(c)(3)(VIII); *People v. Sifuentes*, 2017 COA 48M, ¶ 15 ("Ineffective assistance of counsel during plea bargaining may constitute an adequate ground for postconviction relief under Crim. P. 35(c).").

¶ 7     We review a district court's summary denial of a Crim. P. 35(c) motion de novo. *People v. Cali*, 2020 CO 20, ¶ 14. Defendants need not set forth evidentiary support for their allegations in Crim. P. 35 motions, but instead need only assert facts that, if true, would provide a basis for relief. *White v. Denver Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988). A Crim. P. 35(c) motion may be denied without an evidentiary hearing only where the motion, files, and record clearly establish that the defendant's allegations are without merit and do not warrant relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

¶ 8    "Given the important rights at stake, to be constitutionally valid, a defendant must enter [a] guilty plea knowingly, voluntarily, and intelligently." *Sanchez-Martinez v. People*, 250 P.3d 1248, 1255 (Colo. 2011).  "A guilty plea must represent 'a voluntary and intelligent choice among the alternative courses of action open to the defendant,' and must be the product of 'a free and rational choice.'" *People v. Kyler*, 991 P.2d 810, 816 (Colo. 1999) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

¶ 9    "Because a guilty plea is an extensive waiver of the defendant's constitutional rights, a challenge to a conviction based on a guilty plea is usually limited to whether the plea was knowing, voluntary, and intelligent." *Sanchez-Martinez*, 250 P.3d at 1255.  Also, "[a] defendant may challenge [a] guilty plea on the grounds of ineffective assistance of counsel when that challenge goes to the issue of whether the plea was knowingly, voluntarily, and intelligently entered." *People v. Stovall*, 2012 COA 7M, ¶ 13.

### III.   Challenge to the Guilty Plea

¶ 10    First, because he opted to plead guilty to take advantage of the benefits of the plea offer, Beddingfield cannot directly challenge the sufficiency of the evidence to establish the deadly weapon element

of his felony menacing conviction. *See* § 16-7-206(3), C.R.S. 2024 ("The acceptance by the court of a plea of guilty acts as a waiver by the defendant of the right to trial by jury on all issues . . . [and] also acts as a conviction for the offense."); *Neuhaus v. People*, 2012 CO 65, ¶ 8 ("A guilty plea is an admission of all the elements of a criminal charge."); *Patton v. People*, 35 P.3d 124, 128 (Colo. 2001) ("By pleading guilty, a defendant waives a number of important constitutional rights, including . . . the right to insist at trial that the prosecution establish guilt beyond a reasonable doubt . . . ."); *People v. Flagg*, 18 P.3d 792, 794 (Colo. App. 2000) ("A plea of guilty has the same effect as if defendant had been tried before a jury and had been found guilty on evidence covering all the material facts."); *see also Kyler*, 991 P.2d at 816; *cf. Medina v. People*, 2023 CO 46, ¶¶ 21-27 (a defendant can plead guilty to an offense while maintaining factual innocence to obtain the benefits of a plea offer).

¶ 11     Instead, as noted above, Beddingfield's postconviction claim is limited to challenging the validity of his guilty plea. *See Sanchez-Martinez*, 250 P.3d at 1255. Broadly construing Beddingfield's pro se motion as challenging the validity of his guilty plea because of an inadequate factual basis, *see Cali*, ¶ 34, we conclude that the

record shows that the factual basis underlying the plea was sufficient. *See* Crim. P. 11(b)(6) (when accepting a guilty plea, the court must determine, among other things, that there is a factual basis for the plea); *Medina*, ¶¶ 36-38 (a factual basis finding is "one way" a court may assess whether a guilty plea is voluntary, knowing, and intelligent); *see also Rockwell*, 125 P.3d at 415 ("Crim. P. 35(c) motions properly address claims of inadequate factual basis to support a guilty plea.").

¶ 12    The applicable version of the statute defining the crime of felony menacing provided, as relevant here, that "[m]enacing is a class 3 misdemeanor, but, it is a class 5 felony if committed . . . [b]y the use of a deadly weapon." § 18-3-206(1)(a), C.R.S. 2021. "[F]ists may be deadly weapons if in the manner they are used or intended to be used they are capable of producing death or serious bodily injury." *People v. Ross*, 831 P.2d 1310, 1313 (Colo. 1992), *abrogated on other grounds by Montez v. People*, 2012 CO 6, ¶ 16; *see also* § 18-1-901(3)(e), C.R.S. 2024 (defining the term "[d]eadly weapon" as it is used in the criminal code); *Washington v. People*, 2024 CO 26, ¶ 28; *People v. Lee*, 2020 CO 81, ¶ 19; *People v. Saleh*, 45 P.3d 1272, 1273-76 (Colo. 2002) (Section 18-1-901(3)(e) "does

6

not require that the object actually cause serious bodily injury; rather, it must be 'capable of producing' such injury.").

¶ 13    The written plea agreement contains Beddingfield's initialed acknowledgement that he was pleading guilty to felony menacing based on the use of his fists as deadly weapons. And while the transcript of the providency hearing is not in the appellate record, the minute order of the hearing reflects a factual basis to support the guilty plea. *See People v. Aguilar*, 2012 COA 181, ¶ 6 ("In postconviction proceedings, the legality of the judgment and the regularity of the proceedings below are presumed . . . .").

¶ 14    We conclude that Beddingfield failed to allege facts that, if true, would undermine the adequacy of the factual basis and, consequently, the validity of his guilty plea because (1) fists can constitute deadly weapons; (2) the record shows that Beddingfield agreed that his guilty plea to felony menacing would be based on the use of his fists as deadly weapons; and (3) the record further reflects that the court found a factual basis for the plea. *See Medina*, ¶¶ 2, 5-8, 11, 39, 41-42 (affirming the denial of the defendant's challenge to his guilty plea to felony menacing, in part, because, even though he maintained his innocence, he knowingly,

voluntarily, and intelligently pleaded guilty to that offense to take advantage of the benefits of the plea bargain, which included the dismissal of several other criminal cases).

¶ 15    In light of the foregoing conclusions, we are not convinced that the plea agreement is ambiguous and that an interpretation of the plea agreement is necessary.

¶ 16    Lastly, in his reply brief, Beddingfield argues that he is entitled to relief because the legislature amended the menacing statute in 2021 to remove "deadly weapon" from its felony enhancement language.  *See* Ch. 462, sec. 195, § 18-3-206, 2021 Colo. Sess. Laws 3173; § 18-3-206, C.R.S. 2024 ("Menacing is a class 1 misdemeanor, but it is a class 5 felony if committed by the use of a firearm, knife, or bludgeon or a simulated firearm, knife, or bludgeon.").

¶ 17    Generally, we do not address claims asserted for the first time in a reply brief.  *See People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007).  Nevertheless, we note that the amendment to the menacing statute applies to offenses committed on or after March 1, 2022. *See* Ch. 462, sec. 803, 2021 Colo. Sess. Laws 3331-32.  Because

Beddingfield committed the underlying offense before that date, the amendment does not apply to his conviction.

## IV. Ineffective Assistance of Plea Counsel

¶ 18 We next conclude that Beddingfield failed to allege facts that, if true, would establish that he received the ineffective assistance of plea counsel relating to the investigation and advisement regarding the deadly weapon element of the felony menacing count.

### A. Legal Authority

¶ 19 Criminal defendants are constitutionally entitled to effective assistance from their counsel. *Ardolino*, 69 P.3d at 76. This right to effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Missouri v. Frye*, 566 U.S. 134, 144 (2012).

¶ 20 "[T]o prevail on an ineffective assistance of counsel claim, a defendant must prove that 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense." *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007). The failure to prove one of these two prongs defeats an ineffective assistance claim. *People v. Thompson*, 2020 COA 117, ¶ 50.

¶ 21    To establish deficient performance, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying the *Strickland* test to ineffective assistance of counsel claims in cases involving guilty pleas). "[J]udicial scrutiny of counsel's performance must be highly deferential, evaluate particular acts and omissions from counsel's perspective at the time, and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Ardolino*, 69 P.3d at 76.

¶ 22    To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

¶ 23    In the context of a guilty plea, the prejudice prong requires a defendant to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also People v. Duran*, 2025

10

COA 34, ¶ 17. Further, the defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010); *see also People v. Finney*, 2012 COA 38, ¶ 71, *aff'd*, 2014 CO 38.

¶ 24 "The denial of a claim of ineffective assistance of counsel without a hearing is justified if, but only if, the existing record establishes that the defendant's allegations, even if proven true, would fail to establish either constitutionally deficient performance or prejudice." *People v. Chavez-Torres*, 2016 COA 169M, ¶ 31, *aff'd*, 2019 CO 59.

## B. Analysis

¶ 25 Accepting as true Beddingfield's assertion that plea counsel failed to advise him that he purportedly had a viable defense to the felony menacing charge, we are not convinced that he alleged facts that, if true, would establish a reasonable probability that he suffered prejudice as a consequence of plea counsel's alleged ineffectiveness.

¶ 26 Beddingfield did not assert that, had counsel conducted an adequate investigation and sufficiently advised him, he would have

11

rejected the plea agreement and proceeded to trial. *See Hill*, 474 U.S. at 59; *Duran*, ¶ 17. Instead, he presents the conclusory argument that the result of the plea bargaining process would have been different but for counsel's allegedly deficient performance. *See People v. Villanueva*, 2016 COA 70, ¶ 68 (A "conclusory allegation is insufficient to establish prejudice under *Strickland*.").

¶ 27 Moreover, Beddingfield did not address why it would have been rational for him to reject the plea offer.

¶ 28 In addition to the felony menacing count, Beddingfield was charged with class 4 felony attempted second degree burglary, *see* § 18-4-203(2)(a), C.R.S. 2021; § 18-2-101(4), C.R.S. 2024; class 4 felony attempted aggravated robbery, § 18-4-302(3), C.R.S. 2024; § 18-2-101(4); and class 6 felony possession of a weapon by a previous offender, *see* § 18-12-108(2)(a), C.R.S. 2021. At the time he committed these offenses, Beddingfield had been convicted of a felony in a previous case.

¶ 29 Accordingly, if he had proceeded to trial and been convicted, Beddingfield would have been subject to aggravated sentencing ranges of four to twelve years in prison on the class 4 felonies and fifteen months to three years in prison on the class 6 felony. § 18-

1.3-401(1)(a)(V.5)(A), (9)(a), C.R.S. 2024. And a court generally has the discretion to impose either concurrent or consecutive sentences when a defendant is convicted of multiple offenses. *Juhl v. People*, 172 P.3d 896, 899 (Colo. 2007).

¶ 30 Beddingfield avoided these possible consecutive, aggravated sentences by pleading guilty to one class 5 felony offense and receiving a stipulated six-year prison sentence that was to run concurrently with his sentence in a separate case. Thus, we are not convinced that Beddingfield established that, had counsel advised him he had a viable defense to the felony menacing charge, it would have been rational for him to reject the plea agreement that secured the dismissal of three other felony charges. *See People v. Corson*, 2016 CO 33, ¶¶ 35, 42-43 (holding that, "[i]n assessing whether a defendant would elect to plead guilty or go to trial, we have considered the comparative sentencing exposure between a proffered plea bargain and conviction after trial," and concluding that the defendant did not show a reasonable probability that he would have rejected a plea offer and proceeded to trial because the plea agreement provided substantial benefits to him and he "faced a daunting downside risk at trial"); *Sifuentes*, ¶ 21 ("Various factors

should inform a court's analysis of whether a decision to reject the guilty plea would have been rational," including "the strength of the prosecution's case" and "the attractiveness of the plea deal and the risks of going to trial.").

## V.  Disposition

¶ 31    The order is affirmed.

JUDGE LIPINSKY and JUDGE PAWAR concur.