23CA1584 Peo v Healey 08-14-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1584
Adams County District Court No. 11CR2756
Honorable Patrick H. Pugh, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Dennis Michael Healey,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by CHIEF JUDGE ROMÁN
Yun and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Ainsley Bochniak, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Dennis Michael Healey appeals the postconviction court's order denying his Crim. P. 35(c) motion after an evidentiary hearing. We affirm.

## I.    Background

¶ 2    According to the evidence at trial, a number of police officers were involved in an operation to locate and arrest Healey, who had several active arrest warrants.  Officers observed Healey drive into a Walmart parking lot, where he parked his car.  They then pulled an unmarked van directly behind Healey's car, blocking it in.[1]  Officers jumped out and surrounded Healey's car.  Although the officers dressed in tactical gear rather than standard police uniforms, their clothing identified them as police officers.  Evidence presented at trial also indicated that the officers shouted that they were police, ordered Healey to show his hands, and told him that he was under arrest.

¶ 3    Two officers attempted to remove Healey from his car. However, while the officers were partially inside the car, Healey accelerated in reverse and crashed into the police van.  A struggle

___

[1] There was also a person in the passenger seat of Healey's car.

1

ensued. Healey was tased twice before officers were able to subdue and arrest him.

¶ 4    Officers proceeded to search Healey and his car and recovered several stolen items, including a backpack, a driver's license, a social security card, and credit cards. They also discovered methamphetamine and a knuckle duster (an illegal weapon) in the vehicle.

¶ 5    In addition, an officer checked the vehicle's license plates and discovered that they did not belong to the car Healey was driving. Further investigation revealed that the car's owner had reported it stolen approximately one week earlier and that several parts of the exterior had been painted a different color.

¶ 6    Based on the foregoing, the prosecution brought numerous charges against Healey, and the case proceeded to a jury trial. On the charges involving his aggressive acts toward the police officers, Healey conceded that he had used force but contended that he was unaware that the people surrounding his car were police officers and that he had acted in self-defense.

¶ 7    The jury found Healey guilty on four counts of first degree assault involving threatening a peace officer with a weapon, two

counts of theft by receiving, possession of methamphetamine, criminal possession of a financial device, possession of an illegal weapon, criminal mischief, resisting arrest, two counts of obstructing a peace officer, and eight habitual criminal counts. The court sentenced him to a total of 256 years in the custody of the Department of Corrections.

¶ 8 Healey's conviction was affirmed on direct appeal. *People v. Healey*, (Colo. App. No. 13CA0425, Feb. 19, 2015) (not published pursuant to C.A.R. 35(f)). He filed a timely pro se Crim. P. 35(c) motion, which was later supplemented by court-appointed counsel. Following an evidentiary hearing, the postconviction court denied the motion.

¶ 9 Healey contends that the postconviction court erred by denying his ineffective assistance of counsel claim, specifically trial counsel's failure to (1) present expert testimony regarding flash-bang devices and (2) request jury instructions on lesser nonincluded offenses. We reject these contentions.

## II. Standard of Review and Applicable Law

¶ 10 A postconviction court's ruling on a Rule 35(c) motion after a hearing presents a mixed question of fact and law. *People v. Sharp*,

2019 COA 133, ¶ 12. "We defer to the court's findings of fact if they have record support, but we review any legal conclusions de novo." *Id.* The postconviction court determines the weight and credibility to be given to the testimony of witnesses in a Crim. P. 35(c) hearing. *People v. Hardin*, 2016 COA 175, ¶ 39.

¶ 11 When evaluating claims of ineffective assistance of trial counsel, we apply the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003); *People v. Long*, 126 P.3d 284, 286 (Colo. App. 2005). To prevail on such a claim, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced him. *Strickland*, 466 U.S. at 686.

¶ 12 To establish deficient performance, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citation omitted).

¶ 13    To establish prejudice, a defendant must show that there is a reasonable probability that, absent the errors, "the result of the proceeding would have been different." *Id.* at 694.  A postconviction court may reject an ineffective assistance of counsel claim if the defendant fails to demonstrate either deficient performance or prejudice.  *People v. Aguilar*, 2012 COA 181, ¶ 9.[2]

### III.   Failure to Call Flash-Bang Device Expert Witness

¶ 14    Healey contends that the postconviction court erred by denying his ineffective assistance of trial counsel claim concerning

---

[2] Healey contends that the postconviction court erred by requiring him to show that trial counsel was ineffective by a preponderance of the evidence.  Though the postconviction court initially stated that both prongs in *Strickland v. Washington*, 455 U.S. 668 (1984), had to be proved by a preponderance of the evidence, the court thereafter articulated and applied the correct burden of proof.  Specifically, the court stated that to prove prejudice a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  The court then found that Healey failed to demonstrate "a reasonable probability that the testimony of a flash-bang expert would undermine the evidence in this case sufficient[ly] to change the outcome."  Thus, the court applied the correct burden of proof when analyzing the prejudice prong of Healey's ineffective assistance claim regarding counsel's failure to call a flash-bang expert.  *See People v. Washington*, 2014 COA 41, ¶ 29.  Moreover, as noted, we review de novo the court's legal conclusions regarding prejudice.

5

counsel's failure to present expert testimony regarding flash-bang devices. We discern no error.

¶ 15 Healey presented an expert in "less lethal devices," Rick Wyant, who Healey argued could have testified at trial about the effects of flash-bang devices. Wyant testified that a flash-bang device activates rapidly and creates a distraction by emitting light, heat, pressure, and sound. He stated that "[t]he intent is to overwhelm the senses [of a target] for a brief period of time" so that people panic and make bad decisions or are in a state of shock, either of which makes an arrest easier. He also testified that flash-bang devices emit a "really loud noise" and gave specific decibel levels, which are under the threshold for causing permanent hearing damage. He testified that the amount of light a flash-bang device emits is equivalent to a million candles, which is bright enough to force someone's eyes to adjust to the sudden change in light. And he discussed the pressure caused by a flash-bang device explosion. He testified that flash-bang devices affect individuals differently and that he could not say how the flash-bang device affected the occupants of the car in this case. Finally, he testified that there are very few experts in nonlethal devices and that this

was the first time he had been recognized as an expert in flash-bang devices in a courtroom.

¶ 16 The postconviction court found that Healey's trial counsel had previously represented him in other felony cases, including a trial in which the jury acquitted Healey. The court found that counsel did not consult with or present an expert in flash-bang devices and had not encountered anyone with such expertise. The court noted that Wyant similarly stated that there were few experts in nonlethal devices.

¶ 17 The postconviction court found that trial counsel's representation was not deficient because he was able to present substantially similar evidence through cross-examination of the police officers. The court also found that Healey was not prejudiced for this same reason, particularly since no expert could have testified about the effect of the flash-bang device on Healey.

¶ 18 At trial, defense counsel elicited testimony from a police officer that deploying a flash-bang device will distract, confuse, and disorient people inside of a car. He also elicited testimony from another police officer that flash-bang devices are designed to disorient a target "so they don't see the police are coming from a

different side," and, in this case, there was a "very loud boom and bang" that disoriented the people inside the car. Finally, an officer testified that the device made a "very loud boom noise, very loud bang, [a]nd it also emit[ted] a very bright light."

¶ 19 Based on this evidence and testimony, we agree with the postconviction court that Healey failed to demonstrate deficient performance because counsel effectively cross-examined the officers about flash-bang devices and elicited similar evidence to what a flash-bang expert would have provided. *See People v. Newmiller*, 2014 COA 84, ¶ 60 ("[T]rial counsel need not introduce expert testimony on his [or her] client's behalf if he [or she] is able effectively to cross-examine prosecution witnesses and elicit helpful testimony.") (alterations in original) (citation omitted).

¶ 20 Moreover, based on this record, we agree with the postconviction court that Healey failed to demonstrate a reasonable probability that the result of the proceeding would have been different if a flash-bang expert testified because counsel thoroughly cross-examined the officers about flash-bang devices, and no expert could have testified about how the flash-bang device affected Healey

or the passenger. Therefore, the postconviction court did not err by denying this claim.

## IV. Failure to Request Instruction on Lesser Nonincluded Offenses

¶ 21 Healey contends that the postconviction court erred by denying his ineffective assistance of trial counsel claim concerning counsel's failure to request jury instructions on the lesser nonincluded offenses of reckless endangerment, misdemeanor menacing, third degree assault, and resisting arrest.[3] Again, we discern no error.

¶ 22 At the postconviction hearing, trial counsel testified that he did not recall whether he had requested lesser offense jury instructions. He testified that while he generally believed that requesting such instructions could be a good strategy depending on

---

[3] We assume, without deciding, that at the time of Healey's trial, these were lesser nonincluded offenses for which Healey's counsel could have requested jury instructions. Healey contended that trial counsel was deficient for failing to request instructions for additional lesser offenses in his postconviction motion and at the evidentiary hearing but does not reassert his argument with respect to those other offenses on appeal; thus, he has abandoned that part of his claim. *See People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007).

the circumstances of the case, he probably would not have submitted them in this case due to the habitual counts.

¶ 23　With respect to the lesser nonincluded offense of resisting arrest, he testified that he did not know why he did not make that request because securing six misdemeanor convictions (one per officer) would have been an excellent outcome.

¶ 24　The postconviction court found that though trial counsel testified that this case might have been suitable for considering lesser offenses, he was not deficient in his performance because he strategically aimed for a full acquittal of the charges. The court found that trial counsel's notes provided the most compelling evidence of this strategy, noting that Healey rejected a plea offer, insisted that he would not accept more than a ten-year sentence, and later stated that he would not plead guilty because he wanted to bring the matter to public attention. The court also found that trial counsel did not concede at trial that Healey had committed any offense but rather argued that Healey had no intent to commit any offense against the officers and instead acted in self-defense. The court found that it was a strategic decision not to request instructions on lesser offenses, as doing so risked a compromise

verdict, with the jury convicting Healey of a lesser offense rather than acquitting him outright.

¶ 25 The record supports the postconviction court's findings regarding trial counsel's notes and Healey's trial strategy. Based on this evidence, we agree with the postconviction court that Healey failed to demonstrate deficient performance because counsel pursued an all-or-nothing strategy at trial and declined to request lesser nonincluded offenses that could have increased the likelihood of conviction on those offenses rather than achieving an outright acquittal. *See Newmiller*, ¶ 34 (concluding that counsel's failure to request an instruction on a lesser nonincluded offense could have been a sound trial strategy because submitting a lesser offense to the jury risked conviction on that offense rather than outright acquittal and additionally risked conviction on both the charged offense and lesser nonincluded offenses). Moreover, the habitual charges Healey faced further weighed against pleading lesser offenses. Thus, the postconviction court did not err by denying this claim.

## V. Disposition

¶ 26 The order is affirmed.

JUDGE YUN and JUDGE GRAHAM concur.